**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10168 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00235-TLN-1 |
| v. | |
| DUMITRU MARTIN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted October 10, 2018
San Francisco, California

Before:  McKEOWN, W. FLETCHER, and BYBEE, Circuit Judges.

Dumitru Martin was convicted of one count of Bribery of a Public Official,

in violation of 18 U.S.C. § 201, and one count of Conspiracy to Commit an

Offense Against the United States, in violation of 18 U.S.C. § 371.  The charges

arose from an undercover operation that began with a tip from a Confidential

---

  *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Human Source ("CHS"). In his motion for a new trial, Martin argued that the prosecution violated its duties under *Brady v. Maryland*, 373 U.S. 83 (1963), when it released redacted reports about the CHS's involvement in the investigation six days before trial and declined to confirm the CHS's identity. Martin alleged that these actions prejudiced his case by hindering his ability to establish an entrapment defense based on the CHS's involvement. The district court denied Martin's motion for a new trial.

"[S]trictly speaking, there is never a real '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S. 263, 281 (1999). It is not reasonably probable that Martin would have received a different verdict if the prosecution had provided the CHS reports earlier or in unredacted form or had disclosed the CHS's identity. The CHS reports do not contain material favorable to Martin, and Martin has provided no evidence that confirmation of the CHS's identity would have advanced his defense. "The mere suspicion that information will prove helpful is insufficient to require disclosure." *United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir. 1989). Further, given the strong evidence of Martin's guilt, there is no reasonable probability that the information at issue would have produced a different outcome at trial.

At sentencing, the district court imposed a four-level enhancement for bribery of a public official in a high-level decision-making or sensitive position, pursuant to USSG § 2C1.1(b)(3). At the time of the bribe, Major O'Neill was the actual commander of the 60th Contracting Squadron at Travis Air Force Base. Accordingly, Major O'Neill occupied a "high-level decision-making or sensitive position" under USSG § 2C1.1(b)(3), and application of the sentencing enhancement was appropriate.

**AFFIRMED**